**Wayne CHREBET, Plaintiff–Appellant,**

v.

**NASSAU COUNTY, Paul Szymanski, Bohdan Piczak, Scott Tusa, Richard Herman, Brian Fitzgerald, Arnold Rothenberg, Richard Soto, Kevin Lowry, Michael Krummenacker, Defendants–Appellees.**

No. 14–2124.

United States Court of Appeals, Second Circuit.

June 2, 2015.

· BRIAN J. SHOOT (Robert G. Sullivan, Frank V. Floriani, on the brief), Sullivan Papain Block McGrath & Cannavo P.C., New York, NY, for Appellant.

---

DONNA A. NAPOLITANO (Joseph E. Macy, on the brief) Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY, for Appellees.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, RAYMOND J. LOHIER, JR., Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Wayne Chrebet brought this § 1983 due process suit against Defendants–Appellees the County of Nassau and various individual police officers and fire marshals. Chrebet claimed that his restaurant was subject to police harassment that eventually caused the firing of the restaurant's general manager, Matthew Price, and led to its closing due to lost business. The district court granted summary judgment to Defendants on all claims. In relevant part, the district court determined that Chrebet did not have standing to assert property-based claims because the relevant injuries were to Chrebet's corporation, Chrebet's Inc., not to Chrebet himself.

On appeal, Chrebet principally argues that he suffered an injury to his property interests when he paid $1.325 million in compensation to the terminated employee who was the object of the police harassment. Chrebet claims he was personally liable on the employment agreement. We are not persuaded. "New York law requires that there be clear and explicit evidence of the defendant's intent to add personal liability to the liability of the entity, where entity liability is established under the agreement." *Mason Tenders Dist. Council Welfare Fund v. Thomsen Constr. Co.*, 301 F.3d 50, 53 (2d Cir.2002) (per curiam) (internal quotation marks omitted). "The factors to be examined in assessing the signatory's intention include the length of the contract, the location of the liability provision(s) in relation to the signature line, the presence of the signatory's name in the agreement itself, the nature of the negotiations leading to the contract, and the signatory's role in the corporation." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Servs. Fund & Annuity Fund v. Lollo*, 35 F.3d 29, 35 (2d Cir. 1994).

Here, Chrebet's only evidence of his personal liability to Prince are the facts that Chrebet signed the contract in his personal capacity and that he testified that paying Prince was the right thing to do. This is not the clear evidence of intent to be personally bound that is required by New York law. Chrebet's second signature is explained by the fact that the contract was also between himself and his company, Chrebet's Inc.; specifically, the contract allowed the company to use Chrebet's name and reputation. The terms of the contract do not provide for Chrebet's personal liability, and Chrebet did not submit evidence that he and Prince negotiated personal liability. Thus, Chrebet cannot establish personal liability, and his argument does not undermine the district court's conclusion.

We have considered all of Chrebet's arguments and conclude that they are without merit. For the reasons stated above, the judgment and sentence of the district court are **AFFIRMED**.